# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| TERESA ANN M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-1035 |
| | ) | |
| ANDREW SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 12) and Defendant's Motion to Remand to the Commissioner (Doc. 16). The Court understands Defendant's motion as having been filed in lieu of a cross-motion for summary judgment, and Plaintiff has filed a Response to Defendant's motion (Doc. 17). The matter is therefore ripe for review. For the following reasons, Plaintiff's motion is GRANTED and Defendant's motion is DENIED.

### BACKGROUND

Plaintiff Teresa Ann M. filed for disability insurance benefits in March 2013, alleging an onset date in December 2012 of disability due to rheumatoid arthritis in her knees, bi-polar disorder, obesity, and diabetes. Benefits were denied in May 2015. Plaintiff appealed, and the Commissioner stipulated to remand and reconsideration. While the appeal was pending, Plaintiff filed a claim for supplemental security income which was ultimately consolidated with the disability insurance benefits

claim. Both were denied on December 4, 2018. When the decision became final in February 2019, Plaintiff again appealed.

A full recount of the voluminous record is unnecessary to resolve this matter, but several details do need to be examined. Two psychiatrists—Drs. Peter Alahi and Juan Gaddi—were involved in treating Plaintiff and submitted opinions regarding her mental status as it related to her ability to work. (R. at 639). These opinions were not afforded controlling weight by the Administrative Law Judge (ALJ), who stated they "did not cite medically acceptable clinical and laboratory diagnostic techniques." (R. at 639).

The ALJ's residual functional capacity assessment (RFC) found Plaintiff had the ability to perform light work with limitations regarding mobility but was limited "to jobs that only require up to detailed but uninvolved tasks with few concrete variables, little in the way of change in job process from day to day" with self-evident tasks that could be learned within a month. (R. at 636). Crucially, the ALJ found Plaintiff had issues regarding "social functioning, so [she] is limited to jobs that do not required more than occasional work-related interaction with the public, co-workers and supervisors." (R. at 636).

The hearing before the ALJ had only two witnesses: Plaintiff and the vocational expert (VE). (R. 655–56). The ALJ asked the VE whether an individual with Plaintiff's RFC would be able to find jobs in the economy and the VE testified there were jobs in the economy such an individual could perform. (R. at 697–98). Plaintiff's attorney examined the VE and asked, *inter alia*, about the contact with

supervisors and coworkers during the training period. (R. at 705). The VE testified the training period for the jobs he testified were available for someone with Plaintiff's limitations would be "most likely 10 to 14—10 days, working days, at the most" but during that time a worker would "have more than occasional with the supervisor . . . [and] more than occasional the first week with others." (R. at 705).[1] Plaintiff's attorney then asked: "[I]f the individual, because of being limited to occasional contact, was unable to complete that training orientation, [she] obviously would not get the job; is that a fair conclusion?" (R. at 706). The VE replied, "That's a fair conclusion." (R. at 706). The Court is unaware of any other material in the record touching upon the issue of social contact during orientation.

## LEGAL STANDARD

An ALJ's decision must be upheld "if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (citation and internal quotation marks omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that [courts] scour the record for supportive evidence or rack [their] brains for reasons to uphold the ALJ's decision." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). It is the ALJ's responsibility to "build an accurate and logical bridge from the evidence to her conclusion," and the ALJ "may not ignore evidence that undercuts her conclusion."

---

[1] Given the context and the briefing, the Court understands "occasional" to refer to occasional social contact.

*Spricher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018) (citations and internal quotation marks omitted).

In appeals of the denial of social security benefits, "the ordinary remedy is a new hearing before an administrative law judge. In unusual cases, however, where the relevant factual issues have been resolved and the record requires a finding of disability, a court may order an award of benefits." *Kaminski v. Berryhill*, 894 F.3d 870, 875 (7th Cir. 2018), *amended on reh'g* (Aug. 30, 2018). The central question is whether this is one such unusual case.

## DISCUSSION

Plaintiff raises four reasons why she believes the ALJ erred. First, she argues the ALJ was required to award benefits based upon the RFC and the testimony of the VE. (Doc. 12-1 at 21). Second, she argues the ALJ mischaracterized her activities, thereby downplaying her symptoms. (Doc. 12-1 at 22). Third, Plaintiff asserts the ALJ improperly weighed medical opinion evidence. (Doc. 12-1 at 28). Fourth and finally, Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence. (Doc. 12-1 at 29).

Rather than responding, the Commissioner filed a four-page motion to remand. (Doc. 16). Essentially, the Commissioner conceded to Plaintiff's third argument and sought remand for reconsideration with fuller consideration of two psychiatrists' opinions. (Doc. 16). Plaintiff opposes remand and seeks instead a directive awarding benefits based upon her first argument. (Doc. 17).

A sequential five-step analysis is used to determine eligibility for both disability insurance benefits and supplemental security income. *Craft v. Astrue*, 539 F.3d 668, 673–74 (7th Cir. 2008).

> Step one is to determine whether the claimant is currently engaging in gainful employment. At steps two and three, the ALJ considers the severity of the disability. At step four, the ALJ determines what the claimant's disability leaves him able to do, i.e., his residual functional capacity, and whether given that capacity he may still perform his past work. And last, at step five, the ALJ assesses the claimant's residual functional capacity, age, education, and work experience to determine whether the claimant can perform work that is available in significant numbers in the national economy.

*Krell v. Saul*, 931 F.3d 582, 584 (7th Cir. 2019).

Here, steps four and five are the critical areas of inquiry. The Commissioner's position is the ALJ's analysis of the psychiatrists' opinions in determining the RFC was insufficient, an argument about step four. (Doc. 16 at 1 (citing R. at 639–40)). Although Plaintiff agrees with this (Doc. 12-1 at 28–29), she argues even under the flawed RFC she was entitled to benefits (Docs. 12-1 at 21, 17 at 1). Put another way, she argues the step five determination was incorrect. The Administration bears the burden at the fifth step; the claimant at the other four. *Krell*, 931 F.3d at 584.

The ALJ here failed to perform the necessary review of the record in coming to the conclusion there are significant numbers of jobs in the national economy Plaintiff can perform. Nowhere in the opinion does the ALJ reckon with the VE's testimony that Plaintiff would be unable to complete orientation for the jobs the VE believed she could otherwise reasonably perform given her RFC. (*See* R. at 641–43). The ALJ's decision therefore was not supported by substantial evidence. *See Spricher*, 898 F.3d at 757 (stating an ALJ must consider evidence undercutting the ultimate conclusion).

An RFC is "the most [a claimant] can still do despite [their] limitations." 20 C.F.R. § 404.1545. Accepting as correct the ALJ's RFC assessment, the record compels the conclusion that Plaintiff's limitations on interaction with supervisors and coworkers prevents her from securing the jobs the VE testified she would be able to perform following orientation.

Perhaps fuller examination of the VE or a well-argued brief before this Court could have allowed the Administration to carry its burden on this point. But the VE was not asked about the tension between his testimony regarding jobs Plaintiff could perform and the requirements of the training period. And the Commissioner declined to argue for affirmance of the ALJ's decision. The Commissioner does argue an award of benefits is not appropriate here because Plaintiff's RFC would need to be reevaluated based upon proper consideration of the treating psychiatrists' opinions. (Doc. 16 at 2). But to the extent the ALJ gave too little weight to evidence favorable to Plaintiff, the result would be an RFC that overstated her ability to perform work. It would necessarily be the case that she would still be unable to complete orientation for the jobs the VE put forward and she would therefore still be entitled to benefits. In other words, the Commissioner failed to show Plaintiff could perform even the jobs suggested by the VE under the potentially too-permissive RFC; the Commissioner provides no reason to believe she would be able to obtain different jobs under a more restrictive RFC.

The Court concludes the relevant factual issues have been adequately resolved and the record compels a finding of disability. Therefore, the Court reverses the decision and remands the claim with a directive to award benefits.

## Conclusion

Plaintiff's Motion for Summary Judgment (Doc. 12) is GRANTED and Defendant's Motion to Remand to the Commissioner (Doc. 16) is DENIED. Pursuant to Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner of Social Security is REVERSED and the matter is REMANDED for an award of disability benefits for the relevant time period. This matter is terminated.

SO ORDERED.

Entered this 28th day of January 2020.

                                                                    s/ Joe B. McDade
                                                                  JOE BILLY McDADE
                                            United States Senior District Judge